**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. SEVERINO, III, <br><br> Plaintiff, <br><br> v. <br><br> MIDDLESEX COUNTY PROSECUTOR'S OFFICE, et al., <br><br> Defendants. | Civil Action No. 19-19164 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Motions to Dismiss Plaintiff William F. Severino III's ("Plaintiff") Complaint by County Defendants[1] (ECF No. 10) and Sayreville Defendants[2] (ECF No. 15) (collectively "Defendants"). Plaintiff opposed both motions (ECF Nos. 11, 16), and County Defendants and Sayreville Defendants replied (ECF Nos. 14, 17). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants County Defendants' Motion to Dismiss and Sayreville Defendants' Motion to Dismiss.

---

[1] The "County Defendants" are: the Middlesex County Prosecutor's Office ("MCPO"), Andrew Caray, Chief Allysa Gambarella, Sergeant Jeffrey Maroccia, Detective Oscar Ayala, and Detective George Stilwell.

[2] The "Sayreville Defendants" are: the Borough of Sayreville, Chief Zebrowski, and Detective Becker.

## I. BACKGROUND

On or about March 13, 2018, Plaintiff was arrested in Sayreville, New Jersey. (Compl. ¶¶ 25, 27, Ex. A to Notice of Removal, ECF No. 1-1.)[3] At the time of his arrest, Plaintiff had lawsuits pending against the Sayreville Police Department ("SPD") and MCPO. (*Id.* ¶ 39.) SPD arrested Plaintiff approximately thirteen times previously, and Plaintiff had numerous other interactions with the department. (*Id.* ¶ 41.)

Plaintiff alleges the arrest was made on the basis of "an affidavit and complaint in which [Detectives Ayala, Stilwell, and Becker] . . . averred that [Plaintiff] committed . . . terroristic threats . . . against Christy Souders."[4] (*Id.* ¶ 23.) This charge was founded on an e-mail message allegedly sent by Plaintiff.[5] (*Id.* ¶ 22.) After his arrest, Plaintiff was held for seven days at the Middlesex County Jail before being released. (*Id.* ¶ 27.) Ayala, Stilwell, Becker, Gambarella, and Maroccia subsequently "caused there to be a prosecution of [Plaintiff] for terroristic threats." (*Id.* ¶ 29.) Plaintiff "was required to take off work and represent himself and appear in court numerous times." (*Id.*) As a result, Plaintiff lost his job. (*Id.*) Ultimately, the charges against Plaintiff were dismissed in 2019. (*Id.* ¶ 30.)

---

[3] Plaintiff asserts that his arrest was done "without a warrant from [a court]," but also alleges that Ayala, Stilwell, and Becker "knowingly caused the issue[] of an arrest warrant on the basis of intentional false statements." (Compl. ¶¶ 24–25.) Therefore, the exact circumstances of Plaintiff's arrest are unclear from the Complaint.

[4] Christy Souders is the mother of Plaintiff's daughter. (Compl. ¶ 22.)

[5] It is unclear from the pleadings whether this e-mail message was sent to Souders and forwarded to law enforcement or sent directly to Middlesex County Prosecutor Andrew Caray. (*See* Compl. ¶ 22.)

Plaintiff brings twelve counts against Defendants deriving from "the United State[s] Constitution, 42 U.S.C. [§§] 1942,[6] 1985, and 1986[,] . . . the New Jersey Constitution[,] . . . [the] New Jersey Tort [Claims] Act . . . and the Common Laws of New Jersey." (*Id.* ¶ 1.) Plaintiff asserts that he was arrested, imprisoned, and prosecuted as part of a campaign by Defendants to punish Plaintiff for his "political activities in reporting crimes," (*Id.* ¶ 2), and to "intimidate him to withdraw pending lawsuits." (*Id.* ¶ 39.)

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). On a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011). "First, the court must 'take[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must "[review] the complaint to

---

[6] Plaintiff describes his action as being brought under, *inter alia*, 42 U.S.C. § 1942. (Compl. ¶ 1.) This statute does not appear to exist. *See Pittman v. Metuchen Police Dep't*, No. 08-2373, 2010 WL 4025692, at *1 n.1 (D.N.J. Oct. 13, 2010) ("Plaintiff . . . refers to claims pursuant to 42 U.S.C. § 1942 several times . . . however, the Court was unable to locate said statute."). It is unclear which claims Plaintiff believes arise under this statute. Additionally, Plaintiff fails to identify 42 U.S.C. § 1983 as the source of any claims, but it appears that, construing the Complaint liberally, several of Plaintiff's claims should be viewed as deriving from a cause of action under § 1983.

3

strike conclusory allegations[.]" *Id.* The court must accept as true all the plaintiff's well pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d. Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because []he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). A pro se litigant, thus, "still must allege sufficient facts in their complaint[] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

**A.     Plaintiff's General Allegations, Municipal Liability, Conspiracy, Retaliation, and Intentional Infliction of Emotional Distress Do Not Sufficiently Differentiate Among Defendants.**

Defendants argue that Plaintiff has "not provided sufficient facts regarding the individual Defendants['] alleged participation in the . . . violations of Plaintiff's civil rights . . . [and] tort-based claims." (Cty. Defs.' Moving Br. 8, ECF No. 10-2; Sayreville Defs.' Moving Br. 8, ECF No. 15-1.) "A complaint's failure to differentiate between defendants can warrant dismissal in and of itself, under [Federal Rule of Civil Procedure] 8(a)." *Turner v. N.J. State Police*, No. 08-5163, 2017 WL 1190917, at *10 n.22 (D.N.J. Mar. 29, 2017). Where a plaintiff "simply lump[s] all [d]efendants together" it fails to put the defendants "on notice of their own alleged wrongdoing."

4

*Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *3 (D.N.J. June 29, 2015). "To 'promote clarity' and to provide the notice required . . . the claims must be stated in a manner that specifies which defendant engaged in which specific acts that are alleged to give rise to liability." *Ramziddin v. Monmouth Cty. Sheriff Dep't*, No. 09-4829, 2010 WL 1752540, at *7 (D.N.J. Apr. 30, 2010).

Here, several of Plaintiff's counts fail to differentiate among Defendants. Count One pleads "general allegations" against all Defendants, without attributing any acts to any particular defendant. (Compl. ¶¶ 17–19.) Count Two for municipal liability pleads that "Defendants did violate [Plaintiff's] Constitutional rights" without attributing any violations to particular individuals. (*Id.* ¶¶ 20–21.) Count Eight for conspiracy pleads that Defendants "participated in a common design through a concert of actions" but fails to attribute any particular actions to any particular defendant. (*Id.* ¶¶ 37–39.) Count Nine for unlawful retaliation pleads that Defendants "retaliated against [Plaintiff]" without alleging specific acts of retaliation or the individuals who carried them out. (*Id.* ¶¶ 40–41.) Count Eleven for intentional infliction of emotional distress pleads that "Defendants' conduct was extreme and outrageous" without specifying what extreme and outrageous acts were taken by which Defendants. (*Id.* ¶¶ 47–49.) Because these claims fail to attribute conduct to any particular defendant, these claims must be dismissed.[7]

### B. Plaintiff's False Arrest, False Imprisonment, Malicious Prosecution, Abuse of Process, and Negligent Supervision Claims Fail to Plead Sufficient Facts.

Defendants argue that Plaintiff's Complaint fails to meet the federal pleading standard because it "essentially states the cause of action and adds little or no factual content to those

---

[7] Plaintiff also asserts claims under the New Jersey Civil Rights Act ("NJCRA"). "The NJCRA is a state law analogue to 42 U.S.C. § 1983. . . . Accordingly, courts in this district have generally interpreted the NJCRA to be coextensive with its federal counterpart." *Estate of Perry ex rel. Kale v. Sloan*, No. 10-4646, 2011 WL 2148813, at *2 (D.N.J. May 31, 2011). Here, just as the Court dismisses Plaintiff's claims actionable under § 1983—municipal liability, false arrest, false imprisonment, malicious prosecution, and abuse of process—for failure to state a claim, the Court also dismisses corresponding claims under the NJCRA.

5

recitations."[8] (Cty. Defs.' Moving Br. 6; Sayreville Defs.' Moving Br. 7.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Here, Plaintiff's remaining claims all fail to allege sufficient facts to state a claim for relief.

Plaintiff fails to adequately plead false arrest. To state a claim for false arrest, a plaintiff must plead "(1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000) (internal quotation marks omitted) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). Plaintiff pleads that Gambarella, Maroccia, Ayala, Stilwell, and Becker "falsely alleged that [Plaintiff] had sent an e[-]mail [message] with terroristic threats" and arrested Plaintiff "on the basis of intentional false statements." (Compl. ¶ 22.) Plaintiff does not indicate what aspects of Defendants' statements were false, does not allege those statements were necessary to establish probable cause, and does not allege any facts as to the contents of the e-mail message. (*Id.* ¶¶ 22–24; *see supra* note 5.) Plaintiff, accordingly, fails to state a claim for false arrest.

Plaintiff fails to adequately plead false imprisonment. "To state a claim for false imprisonment, a plaintiff must establish: (1) that he was detained; and (2) that the detention was unlawful." *Glaspie v. Cty. of Gloucester*, No. 15-7691, 2018 WL 4179461, at *4 (D.N.J. Aug. 31,

---

[8] Defendants argue that they are entitled to various forms of immunity that bar Plaintiff's claims. (Cty. Defs.' Moving Br. 9–17; Sayreville Defs.' Moving Br. 11.) The Court declines to address matters of qualified and absolute immunity at this time. Although "[a] district court should resolve any immunity question at the earliest possible stage of the litigation," *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (citing *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)), the Complaint lacks sufficient particularity for the Court to determine whether Defendants are entitled to qualified immunity. Likewise, the Court is unable to determine whether Andrew Caray is entitled to absolute prosecutorial immunity based on the sparse allegations in the Complaint.

6

2018) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389. In other words, a claim for false imprisonment ends when legal process is initiated. *Id.* Here, Plaintiff adequately pleads that he was detained, (Compl. ¶ 27), but he does not allege that at any point he was held *before* the initiation of legal process. (*See generally id.*) Plaintiff alleges that the "arrest[,] detention[,] and incarceration of [Plaintiff] was caused by [Ayala, Stilwell, and Becker] in that they knowingly caused the issue[] of an arrest warrant . . . for the purpose of obtaining judicial authority to enforce the processes of the law." (*Id.* ¶ 24.) Because Plaintiff does not meet the second element, he fails to adequately plead a claim of false imprisonment.

Plaintiff fails to adequately plead malicious prosecution. "A [§] 1983 malicious prosecution action requires that: (1) the defendant[s] initiate a criminal proceeding; (2) which end[s] in plaintiff's favor; (3) which was initiated without probable cause; and (4) the defendant[s] act maliciously or for a purpose other than bringing the [criminal] defendant to justice." *Akins v. Deptford Twp.*, No. 92-610, 1993 WL 147343, at *5 (D.N.J. May 3, 1993) (internal quotation marks omitted). To prevail on "a malicious prosecution claim [based] on alleged Fourth Amendment violations arising from . . . arrest and prosecution, . . . [a plaintiff] must show that the officers lacked probable cause to arrest [him]." *Wright v. City of Phila.*, 409 F.3d 595, 604 (3d Cir. 2005). Plaintiff here has satisfied the first two elements, pleading that Defendants "caused there to be a prosecution of [Plaintiff] for terroristic threats[.]" and that "the charges were dismissed." (Compl. ¶¶ 29-30.) For the last two elements, however, Plaintiff pleads only conclusory allegations that the Court is free to disregard. Plaintiff asserts that "Ayala, . . . Stilwell, and . . . Becker arrested [Plaintiff] without probable cause and . . . commenced prosecution with malice and for a personal

7

vendetta of the [MCPO]." (*Id.* ¶ 29.) Plaintiff fails to plead sufficient facts in the Complaint to demonstrate the lack of probable cause.[9] (*See generally id.*) Plaintiff, accordingly, fails to state a claim for malicious prosecution.

Plaintiff fails to adequately state a claim for abuse of process. To state a claim for abuse of process, Plaintiff must allege that "(1) the defendant has set legal process in motion for an improper ulterior purpose, and (2) the defendant has committed a willful act in the use of process which perverts the regular conduct of the proceeding to accomplish the improper purpose." *Voytko v. Ramada Inn of Atl. City*, 445 F. Supp. 315, 325 (D.N.J. 1978). "Where a defendant carries out process to its authorized conclusion, albeit with bad intentions, there is no valid claim for abuse of process." *Zebrowski v. Wells Fargo Bank*, 657 F. Supp. 2d 511, 518 (D.N.J. 2009). "Plaintiffs . . . must allege an improper further act." *Id.* "A malicious abuse of process claim cannot be premised upon a sinister motive, alone." *Galbraith v. Lenape Reg'l High Sch. Dist.*, 964 F. Supp. 889, 898 (D.N.J. 1997). Here, Plaintiff alleges an ulterior motive to "deter [Plaintiff's] political activity in reporting prosecutors and police corruptions[.]" (Compl. ¶ 32), but does not, on the face of the Complaint, allege any improper acts. (*See generally id.*) Plaintiff merely concludes that "[s]ubsequent to the dismissal of charges, [Defendants] . . . knew of the evidence of [Plaintiff's] innocence[,] which [D]efendants disregarded and concealed." (*Id.* ¶ 31.) By failing to allege a specific further act, Plaintiff has failed to state a claim of abuse of process.

Plaintiff fails to adequately plead a case for negligent supervision.

> In order to succeed on a claim of negligent hiring or negligent supervision, Plaintiff must prove: (1) the employer knew or had

---

[9] Plaintiff asserts in opposition that Stilwell and Ayala were "subpoenaed about [seven] times," that they "refused . . . to testify to the issue of [p]robable [c]ause," and that Becker "testified but [was] unable to [state] [probable cause]." (Pl.'s Cty. Opp'n 2.) Plaintiff did not, however, include these details in the Complaint. (*See generally* Compl.) The Court does not consider "assertions in a brief without support in the pleadings." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015) (citation omitted).

8

> reason to know of the particular unfitness, incompetence[,] or dangerous attributes of [an] employee and could reasonably have foreseen that such qualities created a risk of harm to other persons, and (2) the employer's negligence in hiring or supervising [an] employee resulted in the dangerous attribute proximately causing [the p]laintiff's injury.

*Doe 3 v. Bd. of Educ. of Vocational-Tech. Sch. Dist. in Cty. of Gloucester*, No. 17-13793, 2018 WL 3218692, at *3 (D.N.J. July 2, 2018) (citation omitted). Plaintiff's Complaint contains no allegations regarding the particular unfitness, incompetence, or dangerous attributes of any employee, nor allegations of any defendant being on notice of these attributes. (Compl. ¶¶ 42–46.) The Complaint pleads conclusions, asserting that "Defendants were negligent in their performance . . . [of] duties"; that MCPO and Sayreville "failed to adequately train, supervise[,] and properly control the Defendants[,]" "failed to properly instruct and supervise their subordinate prosecutors and police officers[,]" and "approved . . . the unlawful . . . conduct of [Caray, Gambarella, Maroccia, Ayala, Stilwell, Zebrowski, and Becker]"; and that MCPO, Sayreville, and Caray "negligently failed to instruct, supervise, control, and discipline" their subordinates. (*Id.*) Plaintiff, accordingly, fails to plead sufficient factual allegations to state a claim for negligent supervision.

### C. Plaintiff's Official Misconduct Claim Does Not Derive from a Private Cause of Action.

Sayreville Defendants argue that there is no private cause of action for a claim of official misconduct. (Sayreville Defs.' Reply Br. at *3, ECF No. 17.)[10] Generally, "courts will not create a private cause of action where a statute itself does not provide [one]." *Wilson v. McKeesport Police Dep't*, 731 F. App'x 92, 93 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 256 (2018) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56 (2017)). Plaintiff asserts a claim for official misconduct arising under N.J. Stat. Ann. § 2C:30-2. Section 2C:30-2 does not provide a private cause of action.

---

[10] Page numbers preceded by an asterisk refer to the page number in the ECF header.

9

*Jones v. Somerset Cty. Prosecutor's Off.*, No. 15-2629, 2017 WL 1337432, at *9 (D.N.J. Apr. 7, 2017). Courts have previously analyzed the statute and found that Congress did not provide a private right of action, nor is a private right of action implied. *See McBride v. Twp. of Washington*, No. 19-17196, 2020 WL 3396802, at *4 (D.N.J. Jun. 19, 2020) ("[N]o private right of action exists under N.J. Stat. Ann. § 2C:30-2."); *Jones*, 2017 WL 1337432, at *9 (dismissing a claim under § 2C:30-2 because a "[p]laintiff has no private right of action to enforce alleged violations of the criminal code"). Plaintiff's claim under § 2C:30-2 must be dismissed.

### D. Plaintiff Fails to Provide Proof of Notice to Sayreville Defendants as Required Under the New Jersey Tort Claims Act.

Although the Court dismisses Plaintiff's Tort Claims Act ("TCA") claims for failure to state a claim, Sayreville Defendants also argue that Plaintiff's TCA claims against Sayreville Defendants are barred entirely because Plaintiff did not serve a notice of claim. (Sayreville Defs.' Moving Br. 9–11.) "As an initial procedural matter, under the TCA, a plaintiff must provide notice of [his] claim no later than ninety days after the claim has accrued." *Batista v. City of Perth Amboy*, No. 15-2833, 2020 WL 1329980, at *12 (D.N.J. Mar. 23, 2020) (citing N.J. Stat. Ann. § 59:8-8); *see* N.J. Stat. Ann. § 59:8-8. ("The claimant shall be forever barred from recovering against a public entity or public employee if . . . [t]he claimant failed to file the claim with the public entity within [ninety] days of accrual . . . ."). "The claimant bears the burden of proving that the claim was filed with the appropriate public entity." *Coleman v. City of Long Branch*, No. 15-7314, 2018 WL 4027033, at *12 (D.N.J. Aug. 22, 2018) (quoting *Rolax v. Whitman*, 175 F. Supp. 2d 720, 730 (D.N.J. 2001)). Where the "complaint does not allege that [plaintiff] filed notice in accordance with the statute," the TCA claim must be dismissed. *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 400 (D.N.J. 2012).

Plaintiff has not alleged in the Complaint that he gave Sayreville Defendants timely notice of his claims. Although Plaintiff asserts in briefing that he "mailed and e[-]mailed his tort notices

10

to . . . Risk Management[,] . . . [the] Middlesex County Clerk[,] . . . [and] Sayreville [Borough] Clerk," (Pls.' Sayreville Opp'n 1). Plaintiff did not include this allegation in the Complaint and does not specify whether notice was timely. (*See generally* Compl.) The Court, therefore, also must dismiss Plaintiff's TCA claims against Sayreville Defendants for failure to plead timely notice.

## IV.   CONCLUSION

In sum, the Court dismisses Plaintiff's Complaint without prejudice against all defendants. The Court permits Plaintiff an opportunity to file an Amended Complaint. An Order consistent with this Memorandum Opinion will be entered.

*Mashipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**