**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. SEVERINO, III,<br><br>Plaintiff,<br><br>v.<br><br>MIDDLESEX COUNTY PROSECUTOR'S OFFICE *et al.*,<br><br>Defendants. | Civil Action No. 19-19164 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on County Defendants[1] (ECF No. 27) and Sayreville Defendants'[2] (ECF No. 28) (collectively, "Defendants") Motions to Dismiss Plaintiff William F. Severino III's ("Severino") Amended Complaint. Severino opposed both motions (ECF No. 29), and County Defendants and Sayreville Defendants replied (ECF Nos. 34, 35). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants County Defendants' and Sayreville Defendants' Motions.

---

[1] The "County Defendants" include the Middlesex County Prosecutor's Office ("MCPO"), Officer Andrew Carey, Chief Allysa Gambarella, Sergeant Jeffrey Maroccia, Detective Oscar Ayala, and Detective George Stilwell.

[2] The "Sayreville Defendants" include the Borough of Sayreville, Chief Zebrowski, and Detective Becker.

I.  **BACKGROUND**

The parties are familiar with the factual background of this matter and the Court adopts and incorporates the facts from its September 14, 2020 Memorandum Opinion dismissing Plaintiff's Complaint (the "Opinion"). *See Severino v. Middlesex Cnty. Prosecutor's Off.*, No. 19-19164, 2020 WL 5517539, at *1 (D.N.J. Sept. 14, 2020), ECF No. 19. Several months later, Severino filed an out-of-time Amended Complaint (ECF No. 24), which ultimately served as the operative pleading. Defendants again moved for dismissal.

Little has changed, as the crux of Plaintiff's Amended Complaint remains the same since its first iteration. The story begins in March 2018 when Severino filed over 130 complaints against the mother of his daughter in Sayreville, New Jersey. (Am. Comp. ¶ 17, ECF No. 24.) On or about March 13, 2018, Severino received a phone call from Jane Dow, an assistant prosecutor with the Middlesex County Prosecutor's Office (the "Office"), informing him that the Office would not indict his daughter's mother, despite his repeated complaints. (*Id.* ¶ 18.) Unsatisfied with that response, Severino then sent an e-mail message to Andrew Carey, the chief prosecutor in the Office, to voice his disapproval.[3] (*Id.* ¶ 19.) In direct response to Plaintiff's e-mail communications to the Office, Sayreville police were dispatched to do a wellness check on Severino that same day. (*Id.* ¶ 21.) Severino was at his sister's house when he was approached by Detective Becker of the Sayreville Police Department, who told Severino that he was there to perform a welfare check on him. (*Id.*) Severino alleges that Detective Becker would not allow him to go back inside after the two started talking. (*Id.*)

Other officers then arrived on the scene, including Detectives Ayala and Stilwell. (*Id.*) Detective Stilwell asked Severino if he sent the e-mail message to the Office and Severino

---

[3] Plaintiff also alleges that he sent a "tort notification" in that same e-mail message. (*Id.* ¶ 19.)

2

confirmed that he did. (*Id.* ¶ 22.) About 45 minutes later, Severino was placed under arrest, though it is not entirely clear whether a warrant had issued at that time. (*Id.* ¶ 23.) In any event, according to the Complaint, Detectives Ayala, Stilwell, and Becker applied for a judicial arrest warrant, which Severino claims they obtained by "giv[ing] false information to the municipal judge that [Plaintiff] made terroristic threats to kill his daughter's mother." (*Id.* ¶ 25.) The police held Severino for seven days at the Middlesex County Jail before they released him. (*Id.* ¶ 26.) Ultimately, the charges against Severino were dismissed in 2019 for, in Plaintiff's words, "the State's fail[ure] to have its witnesses appear and testify." (*Id.* ¶ 28.)

Plaintiff's Amended Complaint now brings six counts against Defendants deriving from the U.S. Constitution, 42 U.S.C. § 1983, New Jersey Constitution, the New Jersey Tort Claims Act, and the Common Laws of New Jersey. (*Id.* ¶ 1.) Severino asserts that he was arrested, imprisoned, and prosecuted as part of a campaign by Defendants to punish Severino for his "political activities in reporting crimes," (*Id.* ¶ 2), and to "harass and intimidate" him. (*Id.* ¶ 46.)

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). On a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563

(3d. Cir. 2011). "First, the court must 'take[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d. Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because []he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). A pro se litigant, thus, "still must allege sufficient facts in their complaint[] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.   DISCUSSION**

    **A.   Severino Does Not State a Claim for False Detention, False Arrest or Malicious Prosecution.**

The Court will first consider Plaintiff's § 1983 claims. In his Amended Complaint, Severino alleges claims for false imprisonment, false arrest, and malicious prosecution. To survive another dismissal, Severino must have cured his original Complaint such that it now contains sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution[,] . . . and must show that the alleged deprivation was

4

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). Here, for the reasons below the Court finds that each of Plaintiff's claims under § 1983 fails to allege sufficient facts to state a claim for relief. The Court addresses each claim in turn.

        **1.     False Arrest and False Imprisonment**

In Counts One and Two, Severino contends that he was falsely arrested and imprisoned without probable cause. Although both claims have a similar factual foundation, the Court begins with the false arrest claim.

Severino presents two conflicting theories of false arrest. First, the Amended Complaint alleges that he was arrested without a warrant or probable cause. (Am. Compl. ¶ 19.) Second, the Amended Complaint alleges that "the unlawful arrest, detention and incarceration of [Plaintiff] was caused by [D]efendants in that they knowingly caused the issues [sic] of an arrest warrant on the basis of intentional false statements . . . ." (*Id.* ¶ 42.) Of course, it is impossible for a warrant to both exist based on probable cause and not exist at all. Nonetheless, though these theories conflict, the Court will analyze the claim under both theories.

To state a claim for false arrest under § 1983, a plaintiff must plead that he was arrested without probable cause. *James v. City of Wilkes-Barre,* 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkel v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005). Where a plaintiff is arrested pursuant to a facially valid warrant, however, a court may only find probable

cause lacking if the arresting officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant" and "such statements or omissions [were] material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)); *see also Eckman v. Lancaster City*, 529 F. App'x 185, 186 (3d Cir. 2013).

The Court finds that under either theory (no warrant existed or the information provided that formed the basis of probable cause for the warrant was knowingly fictitious), Plaintiff's assertion fails to plead the officer's lacked probable cause. First, Plaintiff's claim that Defendants obtained an arrest warrant through deliberately false statements is unpersuasive. Severino claims that "Chief Gambarella, Sgt. Maroccia, Det. Ayala, Det. Stilwell, and Det. Becker maliciously and without probable cause commenced an action against [Severino] in the Borough of Sayreville, upon a complaint in which they falsely alleged that [] Severino had sent an email to Andrew Carey with terroristic threats to kill Ms. Souders." (Am. Compl. ¶ 40.) In analyzing whether there was probable cause to issue an arrest warrant based on a police officer's sworn statement, a district court must identify the improperly asserted or omitted facts and, if it determines that there were reckless misrepresentations or omissions, excise those portions of the affidavit and assess whether the remaining contents of the affidavit would establish probable cause to issue an arrest warrant. *See Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468 (3d Cir. 2016). But Severino fails to identify which Defendant made these statements nor has he provided the specific content in the e-mail message he sent. Severino alleges that "Det. Ayala, or Det. Stilwell or [b]oth made an affidavit and complaint in which they falsely and maliciously averred that Mr. Severino committed the act of terroristic threats under the [D]omestic [V]iolence [A]ct against [Ms.] Souders." (Am. Compl. ¶ 41.) Once again, Severino has not identified a single aspect of Defendant's statement that was

false, beyond his conclusory assertion. That is not sufficient to save a complaint from dismissal. *See Iqbal*, 556 U.S. at 678.

Regarding Plaintiff's claim that he was arrested without an arrest warrant, Severino provides no factual support. *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) ("Probable cause exists if there is a 'fair probability' that the person committed the crime at issue.") (internal citation omitted). Rather, the Amended Complaint admits that a judge issued an arrest warrant against Severino on or near the time of his arrest. A closer reading of the Amended Complaint indicates that on the same day he was arrested, Severino emailed Carey from the Office to voice his disapproval that his daughter's mother was not being arrested; curiously, however, Severino fails to provide the Court with what he said in the e-mail communication to the Office. (Am. Compl. ¶¶ 19, 21.) All that remains is the police officers' statements that Severino made terroristic threats in his e-mail communication. (Am. Compl. ¶ 41.) In any event, a finding of probable cause by a judge eradicates Plaintiff's theory that there was not a warrant. And Severino offers no factual content to support his argument that police officers intentionally lied to obtain the warrant. (*See generally id.*) Thus, under either theory, the Court finds that Severino does not plausibly plead that Defendants falsely arrested him.

For many of the same reasons, the Court also dismisses Plaintiff's false imprisonment claim. To state a claim for false imprisonment under the Fourth Amendment, a plaintiff must allege facts indicating that he was detained, and that detention was unlawful. *James*, 700 F.3d at 682-83. Detention is unlawful, for purposes of a false imprisonment claim, if detention is without legal process. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Again, while there is no question that Severino was detained, Severino failed to plausibly allege that this was without probable cause. Thus, Defendants' motion to dismiss is granted with respect to the claims of false imprisonment and false arrest.

### 2. Malicious Prosecution

Next, Severino alleges a claim for malicious prosecution against Chief Gambarella, Sergeant Moroccia, Detective Ayala, Detective Stilwell, and Detective Becker. (Am. Compl. 44-46.) To adequately plead malicious prosecution, Severino must allege that: (1) the defendant[s] initiated a criminal proceeding, (2) which ended in plaintiff's favor, (3) which was initiated without probable cause, and (4) the defendant[s] act[ed] maliciously or for a purpose other than bringing the [criminal] defendant to justice." *Akins v. Deptford Twp.*, No. 92-610, 1993 WL 147343, at *5 (D.N.J. May 3, 1993) (citation omitted).

The final two prongs undermine Plaintiff's claim. As noted above, Severino has not plausibly pled that Defendants lacked probable cause to arrest him. *See Waters v. Cheltenham Twp.*, 700 F. App'x 149, 152 (3d Cir. 2017) (noting that an arrest pursuant to a warrant generally establishes that the proceeding was initiated with probable cause). Moreover, Severino does not adequately plead that Defendants acted with malice. Within the context of malicious prosecution, malice is defined as "either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." *Morales v. Busbee*, 972 F. Supp. 254, 261 (D.N.J. 1997) (citing *Lee v. Mihalich*, 847 F.2d 66, 69-70 (3d Cir.1988)). The Amended Complaint contains no facts that suggest Defendants acted with malice. Even construing every fact in a light most favorable to Plaintiff, and considering his pro se status, the facts supporting the idea that Defendants acted with malice are nonexistent. The Court, therefore, dismisses this claim.

### B. Plaintiff's Claims for Retaliation and Intentional Infliction of Emotional Distress Do Not Sufficiently Differentiate Among Defendants.

The Amended Complaint's allegations under these claims are largely unchanged from Plaintiff's original pleading. Previously, the Court held "these claims fail to attribute conduct to any particular defendant." (Mem. Op. 5, ECF No. 19.) Severino added no facts to cure this claim

defect. The Court, consequently, must once again dismiss. "A complaint's failure to differentiate between defendants can warrant dismissal in and of itself, under [Federal Rule of Civil Procedure] 8(a)." *Turner v. N.J. State Police*, No. 08-5163, 2017 WL 1190917, at *10 n.22 (D.N.J. Mar. 29, 2017). Where a plaintiff "simply lump[s] all [d]efendants together" the plaintiff fails to put the defendants "on notice of their own alleged wrongdoing." *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *3 (D.N.J. June 29, 2015). "To 'promote clarity' and to provide the notice required . . . the claims must be stated in a manner that specifies which defendant engaged in which specific acts that are alleged to give rise to liability." *Ramziddin v. Monmouth Cty. Sheriff Dep't*, No. 09-4829, 2010 WL 1752540, at *7 (D.N.J. Apr. 30, 2010). Severino has not pled any new facts with respect to these claims that allow this Court to construe these claims differently. Because these claims fail to attribute conduct to any one defendant, these claims must be dismissed.

   **C.**  **Severino Fails to State a Claim Under the New Jersey Civil Rights Act.**

Severino also asserts claims under the New Jersey Civil Rights Act ("NJCRA"). The NJCRA was modeled after § 1983, and, thus, courts in New Jersey have consistently looked at claims under the NJCRA "through the lens of § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011) (citing *Hedges v. Musco*, 204 F.3d 109, 121 n. 12 (3d Cir.2000)); *Chapman v. New Jersey*, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart . . . ."); *Armstrong v. Sherman*, No. 09-716, 2010 WL 2483911, at *5 (D.N.J. June 4, 2010) ("[T]he New Jersey Civil Rights Act is a kind of analog to section 1983."). Accordingly, Plaintiff's New Jersey State Constitution claim will be interpreted analogously to his § 1983 claim. *Trafton*, 799 F. Supp. 2d at 443-44; *see Hedges*, 204 F.3d at 120 n.12 (concluding New Jersey's constitutional provisions concerning search and seizures are interpreted analogously to the Fourth Amendment). Here, just

as the Court dismisses Plaintiff's § 1983 claims, the Court also dismisses corresponding claims under the NJCRA for the same reasons.

## IV. CONCLUSION

For the above reasons, the Court dismisses Plaintiff's Amended Complaint without prejudice against all Defendants. The Court permits Severino one final opportunity to amend his Complaint. An Order consistent with this Memorandum Opinion will be entered.

					_____
					**MICHAEL A. SHIPP**
					**UNITED STATES DISTRICT JUDGE**