NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM F. SEVERINO,** | Civil Action No. 19-19164 (MAS) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **MIDDLESEX COUNTY PROSECUTOR'S OFFICE, et al.** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff William F. Severino's ("Plaintiff") motion seeking leave to file an Amended Complaint (Docket Entry No. 45.) Defendants Detective Becker, the Borough of Sayreville, and Chief Zebrowski (collectively, the "Sayreville Defendants"), as well as Defendants Officer Andrew Carey, Chief Allysa Gambarella, Sergeant Maroccia, the Middlesex County Prosecutor's Office ("MCPO"), Detective Oscar Ayala, and Detective George Stilwell (collectively, the "County Defendants") oppose Plaintiff's motion. The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1 (b). For the reasons set forth more fully below, Plaintiff's motion to amend is DENIED.

**I.    Background and Procedural History**

As noted by the District Court in its Memorandum Opinion of April 28, 2022 (Docket Entry No. 37), "[t]he parties are familiar with the factual background of this matter[.]" *Id.* at 2. As was the case when the District Court issued its Memorandum Opinion, little has changed since

Plaintiff's Amended Complaint was dismissed, as the crux of Plaintiff's proposed Second Amended Complaint remains the same since its first and second iteration. Indeed, as outlined by the District Court in its Memorandum Opinion dismissing Plaintiff's Amended Complaint:[1]

> The story begins in March 2018 when Severino filed over 130 complaints against the mother of his daughter in Sayreville, New Jersey. (Proposed Second Am. Comp. ¶16, ECF No. 45-2.) On or about March 13, 2018, Severino received a phone call from Jane Dow, an assistant prosecutor with the Middlesex County Prosecutor's Office (the "Office"), informing him that the Office would not indict his daughter's mother, despite his repeated complaints. (Id. ¶17.) Unsatisfied with that response, Severino then sent an e-mail message to Andrew Carey, the chief prosecutor in the Office, to voice his disapproval.[2] (Id. ¶18.) In direct response to Plaintiff's e-mail communications to the Office, Sayreville police were dispatched to do a wellness check on Severino that same day. (Id. ¶20.) Severino was at his sister's house when he was approached by Detective Becker of the Sayreville Police Department, who told Severino that he was there to perform a welfare check on him. (Id.) Severino alleges that Detective Becker would not allow him to go back inside after the two started talking. (Id.)
>
> Other officers then arrived on the scene, including Detectives Ayala and Stilwell. (Id.) Detective Stilwell asked Severino if he sent the e-mail message to the Office and Severino confirmed that he did. (Id. ¶21.) About 45 minutes later, Severino was placed under arrest, though it is not entirely clear whether a warrant had issued at that time. (Id. ¶22.) In any event, according to the Complaint, Detectives Ayala, Stilwell, and Becker applied for a judicial arrest warrant, which Severino claims they obtained by "giv[ing] false information to the municipal judge that [Plaintiff] made terroristic threats to kill [Ms. Souders]." (Id. ¶25.) The police held Severino for seven days at the Middlesex County Jail before they released him. (Id. ¶24.) Ultimately, the charges against Severino were dismissed in 2019 for, in Plaintiff's words, "the State's fail[ure] to have its witnesses appear and testify." (Id. ¶26.)

---

[1] The following quote is taken from the District Court's Memorandum Opinion of April 28, 2022. The Court, however, has changed the citations such that they correspond with Plaintiff's Proposed Second Amended Complaint.
[2] Plaintiff alleges that he sent a "tort notification" in that same e-mail message. (Id. ¶18.)

(Mem. Op. of 4/28/2022 at 2-3). As is evident from the foregoing and is highlighted by the Sayreville Defendants, "[t]here is no substantive change in the portion of the proposed amended complaint that lays out factual allegations. (See ¶ 17-33, ECF No. 24 and ¶ 16-32, ECF No. 45). They are reworded slightly or repeated verbatim. . . . There is no new information provided in the factual allegations." (Sayreville Defs. Opp. Br. at 3; Docket Entry No. 48.) Furthermore, while in his Proposed Second Amended Complaint, Plaintiff identifies the specific Defendants he is seeking to hold accountable for each proposed claim, the claims asserted remain largely the same, and, as just stated, are not supported by any additional new factual allegations.

In his Proposed Second Amended Complaint, Plaintiff asserts the following claims against the identified Defendants: (1) false arrest as to Defendants Detective Becker, Detective Ayala, Detective Stilwell, Chief Gambarella; (2) false detention and confinement as to Defendants Detective Becker, Detective Ayala, Detective Stilwell; (3) malicious prosecution as to Defendants Detective Becker, Detective Ayala, Detective Stilwell; (4) negligence as to Defendants Detective Becker, Detective Ayala, Detective Stillwell, Chief Gambarella; (5) official misconduct as to Defendants Detective Becker, Detective Ayala, Detective Stillwell, Chief Gambarella; (6) failure to implement appropriate polices, customs, and practices as to Defendants MCPO, Andrew Caray; Sayreville Police Department,[3] and Chief Zebrowski; (7) negligent supervision as to Defendants MCPO, Andrew Caray, Sayreville Police Department, and Chief Zebrowski; (8) conspiracy as to

---

[3] The Court notes that while Plaintiff references "Defendant Sayreville Police Dept" in his proposed Second Amended Complaint (see Proposed Second Amended Complaint at 11, "Complaint 6"), Plaintiff has not named the Sayreville Police Department as a defendant. Instead, Plaintiff names the Borough of Sayreville as a defendant. In the actual substantive allegations, Plaintiff refers to the Borough of Sayreville, not Sayreville Police Department. (See, e.g., id. ¶¶90, 91, 93 and 95). As a result, the Court presumes Plaintiff is referring to Defendant Borough of Sayreville in "Complaint 6" of his proposed Second Amended Complaint, not the Sayreville Police Department.

all Defendants; and (9) retaliatory actions as to all Defendants. New to the Proposed Second Amended Complaint are Plaintiff's proposed claims for negligence, failure to implement appropriate polices, customs, and practices, negligent supervision, and conspiracy claims. No longer plead are Plaintiff's previously asserted claims for intentional infliction of emotional distress and violation of civil rights under N.J.S.A. 10:6-1.

Plaintiff filed his motion seeking leave to file a Second Amended Complaint on September 29, 2023, 9 months to the day after the Third Circuit Court of Appeals (the "Third Circuit") dismissed Plaintiff's appeal for lack of jurisdiction (s*ee* Certified Order of USCA (Docket Entry No. 44), and 84 days after his Petition for Rehearing as to the Third Circuit's dismissal of his appeal was denied on July 7, 2023. (*See* Sayreville Defs. Opp. Br. at 1 and Ex. B, Docket Entry No. 48; County Defs. Opp. Br. at 2, Docket Entry No. 49.) The Court also notes that when the District Court entered its Memorandum Opinion and Order of April 28, 2022, dismissing Plaintiff's Complaint, It did so without prejudice, explicitly providing Plaintiff with "one final opportunity to amend his Complaint." (Mem. Op. of 4/28/2024 at 10.) The District Court set May 16, 2022 as the deadline by which plaintiff had to file his Second Amended Complaint. (Order of 4/28/2024 at 1.)

## II.     Legal Analysis

Here, Plaintiff clearly filed his motion seeking leave to file a Second Amended Complaint out of time. Plaintiff was required to file his Second Amended Complaint May 16, 2022, 18 days after the District Court dismissed Plaintiff's Amended Complaint without prejudice. Ultimately, Plaintiff did not file the pending motion until September 29, 2023, over 16 months after the deadline set by the District Court. Moreover, Plaintiff had no basis on which to appeal the District Court's dismissal of his Amended Complaint without prejudice as is evident from the Third

4

Circuit's dismissal of said appeal for lack of jurisdiction and the Third Circuit's denial of Plaintiff's Petition for Rehearing.

The Court, however, is mindful of the fact that Plaintiff is proceeding *pro se* in this matter. While "[a]ll litigants must comply with the Federal Rules of Civil Procedure and the Local Civil Rules[,] . . . pro se filings are to be 'liberally construed.'" *Swift v. Pandey*, Civil Action No. 13-cv-650 (JLL)(JAD), 2016 WL 11220838, at *1 (D.N.J. July 13, 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Thus, "there is no different standard, but there is often a leniency regarding full technical compliance with the Rules granted in a pro se litigant's favor." *Id*. Nevertheless, "[t]his leniency . . . should not be abused by *pro se* litigants" and "'all litigants, including *pro ses*, have an obligation to comply with Court orders.'" *Edelson v. Cheung*, Civil Action No. 2:13-cv-5870 (JLL)(JAD), 2017 WL 150241, at * (D.N.J. Jan. 12, 2017) (quoting *Creeden v. Home Depot*, Civil Action No. No. 06-3669 (JAG), 2007 WL 1521439, at *2 (D.N.J. May 23, 2007). Thus, the Court applies such leniency "on a case by case bases, with the Court being mindful of the facts, legal issues, and experience of the pro se litigant involved in the particular case." *Swift*, 2016 WL 11220838, at *1.

Given Plaintiff's late filing, before the Court considers his motion to amend under the liberal amendment standards set forth in Federal Rule of Civil Procedure ("Rule") 15(a)(2), the Court must first determine whether Plaintiff has met the more demanding "good cause" standard set forth in Rule 16(b)(4). According to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The Court has broad "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." *Phillips v. Greben*, Civil No. 04-5590 (GEB), 2006 WL 3069475, *6 (D.N.J. Oct. 27, 2006). Whether good cause exists depends on the diligence of the moving party. Rule 16(b)

advisory committee's note; *Hutchins v. United Parcel Service, Inc.*, No. 01-CV-1462 WJM, 2005 WL 1793695, *3 (D.N.J. July 26, 2005). The movant may establish good cause by demonstrating that "their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Phillips*, 2006 WL 306945, at *6 (quoting *Newton v. Dana Corp. Parish Div.*, No. CIV. A. 94-4958, 1995 WL 368172, *1 (E.D.Pa. June 21, 1995) (internal quotation marks and citation omitted)).

Plaintiff does not address Rule 16(b)(4) in his motion to amend. To be clear, Plaintiff has made no effort to try to explain why there is good cause to modify the May 16, 2022 deadline set by the District Court for Plaintiff to file a Second Amended Complaint and consider his motion to amend now. Nevertheless, given Plaintiff's *pro se* status, the Court finds it appropriate to *sua sponte* consider whether good cause exists under the circumstances presented.

The Court finds that Plaintiff is entitled to leniency in considering his decision to appeal the District Court's dismissal of his Amended Complaint instead of filing a Second Amended Complaint by May 16, 2022. As noted above, because the dismissal was made without prejudice, the Third Circuit lacked jurisdiction over Plaintiff's appeal. Plaintiff, however, is not an attorney and reasonably did not appreciate same, despite the District Court providing him with the opportunity to file a Second Amended Complaint. The Court, however, finds no basis to excuse Plaintiff's decision to wait 84 days after the Third Circuit denied his Petition for Rehearing to file his motion to amend.

Plaintiff was initially afforded 18 days to file his Second Amended Complaint after the District Court dismissed his Amended Complaint without prejudice. In the District Court's decision dismissing the Amended Complaint, it noted that the Amended Complaint, itself, was

6

filed "out-of-time[,]" but, nevertheless, was permitted to serve "as the operative pleading." (Mem. Op. of 4/28/2022 at 2). Plaintiff was, therefore, put on notice about the importance of making timely filings. Moreover, in its Memorandum Opinion, the District Court in no uncertain terms informed Plaintiff that he was being provided "one final opportunity to amend his Complaint" (*Id*. at 10.) The District Court directly set May 16, 2022 as the deadline for that one fine opportunity. (Order of 4/28/2024 a 1.) While, as explained above, Plaintiff's decision to appeal the District Court's Memorandum Opinion and Order instead of filing a Second Amended Complaint by May 16, 2022 is excusable, his decision to wait 84 days from the Third Circuit's denial of his Petition for Rehearing is not. Plaintiff had an abundance of time to consider how he would amend his Amended Complaint if his appeal was unsuccessful. There is simply no reason why Plaintiff took 84 days, 66 days longer or more than 4½ times as long as the 18 days initially provided on April 28, 2022 to move to amend. Further, as noted above, Plaintiff makes no effort to explain his delay.

Under these circumstances, the Court finds that good cause does not exist to permit Plaintiff's late filing now. Indeed, permitting Plaintiff's motion to be considered now would be permitting Plaintiff to abuse the leniency afforded *pro se* litigants. As a result, Plaintiff's motion seeking leave to file a Second Amended Complaint is denied. Moreover, while the Court's conclusion to deny Plaintiff's motion to amend under Rule 16(b)(4) is dispositive, the Court also notes that even if good cause had existed to permit the motion to be heard now, Plaintiff's motion would still be denied as futile.

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d at 121) and considers only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173

L.Ed.2d 868 (2009).  The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)).  To be clear, conclusory and superficial allegations that a cause of action exists are insufficient. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  As *Iqbal* made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." 555 U.S. at 678. To survive a motion to dismiss, civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

In its Memorandum Opinion and Order of April 28, 2022, the District Court meticulously explained why all of the claims set forth by Plaintiff in his Amended Complaint failed. The District Court's analysis equally applies here. While Plaintiff has identified the specific Defendants each cause of action applies to, he has added no factual allegation to provide clarity to his claims. The facts alleged in the Proposed Second Amended Complaint remain essentially identical to those alleged in the dismissed Amended Complaint. As such for the reasons already set forth by the District Court, the facts alleged in the Proposed Second Amended Complaint are insufficient to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As both groups of Defendants note:

> There is no substantive change in the portion of the proposed amended complaint that lays out factual allegations. (See ¶17-33, ECF No. 24 and ¶ 16-32, ECF No. 45). They are reworded slightly or repeated verbatim. All defects present in Plaintiff's previous

> pleadings are still present in Plaintiff's proposed amendment. There is no new information provided in the factual allegations. The second amended complaint does not cure any of the deficiencies rendering the proposed second amended complaint as futile.

(Sayreville Defs. Opp. Br. at 3.)

> Plaintiff's proposed Amended Complaint, like the Complaints filed before it fails to meet the federal pleading standards. Plaintiff does not describe any conduct of the Defendants, "with specificity and with sufficient facts to overcome a likely defense of immunity." Biase v. Kaplan, 852 F. Supp. 268, 287 (D.N.J. 1994) (quoting Rallis v. Stone, 821 F. Supp. 466, 469 (E.D.Mich. 1993)). There is no substantive change in the portion of the proposed Amended Complaint that lays out factual allegations. (See ¶¶ 17-33, ECF No. 24 and ¶¶ 16-32, ECF No. 45.) There is no new information provided in this Amended Complaint and it does not cure any of the deficiencies that were contained in the prior Complaints. To the extent that the Plaintiff's claims are that the Defendants, Former Prosecutor Carey, Detective Ayala, and/or Detective Stilwell made false claims leading to his arrest, it is the contention that these claims were not adequately pled in prior pleadings nor is it adequately pled here.

(Borough Defs. Opp. Br. at 1-2.)

Plaintiff's Proposed Second Amended Complaint remains riddled with conclusory terms and phrases without the facts needed to support the asserted claims. Simply put, Plaintiff's Proposed Second Amended Complaint contains nothing "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. As such it remains futile. Consequently, even if the Court had determined that there was good cause to consider Plaintiff's motion now, which it did not, the motion would be denied as futile.

### III.     Conclusion

For the reasons state above, Plaintiff's motion to amend his Complaint is DENIED. An appropriate Order follows.

Dated:  April 30, 2024

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
